925 F.2d 1463
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Juanita GOODEN, Plaintiff-Appellant,
v.
SEARS, ROEBUCK AND COMPANY, Management Cleaning Controls,
Inc., Defendants-Appellees.
 No. 90-1285.
 United States Court of Appeals, Sixth Circuit.
 Jan. 7, 1991.
 
 Before WELLFORD and ALAN E. NORRIS, Circuit Judges, BALLANTINE, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff, Juanita Gooden, appeals from the order of the district court granting summary judgment to defendants.
 
 
 2
 Having had the benefit of oral argument, and having carefully considered the record on appeal and the briefs of the parties, we are unable to say that the district court erred in granting summary judgment to defendants.
 
 
 3
 As the reasons why judgment should be entered for defendants have been articulated by the district court, the issuance of a written opinion by this court would be duplicative and serve no useful purpose. Accordingly, the judgment of the district court is affirmed upon the reasoning set out by that court in its memorandum and order of January 30, 1990.
 
 
 4
 WELLFORD, Circuit Judge, concurring.
 
 
 5
 I concur in the result reached by the panel in this case. I find this case to be very close, however, and I emphasize a few factors that barely tip the scales in favor of affirmance.
 
 
 6
 The weather on the day in question was dry and clear so that the slip and fall was not akin to those occurrences mentioned by Mr. Dillard, the security guard on duty when Mrs. Gooden fell, who referred to others who had fallen in that area when it had been snowing or wet outside.[1] Dillard testified that at the time he did not find or make any notation about water at the scene.
 
 
 7
 Mrs. Gooden positively confirmed that there was no water at the site of her fall, and she said her fall was due to "too much wax on the floor."[2] She said she told this to her husband and to her attorney. The Goodens could produce no eyewitness to the fall. Mrs. Gooden described the floor as "real shiny" where she fell. It was also Mr. Gooden's opinion from his observation that there was too much wax on the floor, and one had to be cautious on shiny floors.
 
 
 8
 Mrs. Gooden came in to the Sears store when it opened and there was no evidence as to when the floor had last been waxed.
 
 
 9
 Dillard reported nothing unusual about the floor to the "maintenance group," or that Mrs. Gooden had mentioned to him that the floor looked wet. Dillard told Mrs. Gooden he had seen others slip in this area; and the floor looked more shiny than usual to him. Dillard's testimony, however, was equivocal, and it is this part of the evidence that has given me the most difficulty concerning the appropriateness of summary judgment.
 
 
 10
 The district court considered all the factors carefully, and I find no error in its determination that Gooden offered "no facts regarding Management Cleaning's activities" to avoid award of summary judgment in that defendant's favor. The experienced Michigan district judge examined and discussed the evidence as to Sears in light of Michigan law. In a doubtful case of this kind I am disposed to defer to his judgment under all the circumstances. I therefore concur.
 
 
 
 *
 The Honorable Thomas A. Ballantine, Jr., United States District Judge for the Western District of Kentucky sitting by designation
 
 
 [1]
 Dillard's affidavit, however, indicated that Sears' accident reports reflected no falls within five months of Mrs. Gooden's accident at the Woodward entrance to the store. We do not consider a hearsay reference to a supposed Sears clerk who purportedly said others had fallen in this area recently
 
 
 [2]
 The complaint, however, made specific reference to allowing "water to accumulate on the floor."